# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>A Silver 2005 Jeep Cherokee Limted, VIN: J8HR58225C595461 | )<br>)<br>)  Case No. 24-928M(NJ)<br>)<br>)<br>) |

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☐ is located in this district; ☑ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: _____.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object   ☑ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: A Silver 2005 Jeep Cherokee Limted, VIN: J8HR58225C595461, it may be necessary to enter onto private property and/or move the Subject Vehicle in order to effect the installation, repair, replacement, and removal of the tracking device.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by 11/4/2024 *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until 12/9/2024 *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above       ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* Hon. Nancy Joseph        and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☑ until, the facts justifying, the later specific date of 04/23/2025.

Date and time issued: 10/25/2024 @ 9:26 a.m.

*Nancy Joseph*
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

Case No.

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____ .

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____ .

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>A Silver 2005 Jeep Cherokee Limted, VIN:<br>J8HR58225C595461 | ) <br> ) <br> ) <br> ) Case <br> ) No. 24-928M(NJ) <br> ) <br> ) |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841 & 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☐ The person, property, or object is located in this district.

☑ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A Silver 2005 Jeep Cherokee Limted, VIN: J8HR58225C595461, it may be necessary to enter onto private property and/or move the Subject Vehicle in order to effect the installation, repair, replacement, and removal of the tracking device.

☑ Delayed notice of __180__ days (give exact ending date if more than 30 days: __04/23/2025__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Anthony J. Sottosanto, DEA TFO
*Applicant's printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __10/24/2024__

_____
*Judge's signature*

City and state: __Milwaukee, Wisconsin__

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Anthony J. Sottosanto, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to install and monitor an electronic tracking device to determine the location of a vehicle more particularly described as a **silver 2005 Jeep Cherokee Limted, VIN: J8HR58225C595461** (hereinafter "**Subject Vehicle**").

2. I have been employed by the Cook County State's Attorney's Office Investigations Bureau for approximately one (1) year. I was previously employed by the Cook County Sheriff's Office for approximately one (1) year and five (5) months. I served as correctional officer in the Cook County Department of Corrections. In my tenure with the Cook County Sheriff's Office, I attended and graduated from the Cook County Correctional Officer Academy. Upon being hired by the Cook County State's Attorney's Office Investigations Bureau, I attended and graduated from the Chicago Police Metro Academy. I have attended numerous training courses and participated in extensive on the job training in the investigation of criminal offenses. Since approximately March 2024, I have been assigned to the Drug Enforcement Administration (DEA) Chicago Field Division as a Task Force Officer (TFO). As part of my duties and responsibilities as a DEA TFO, I am authorized to investigate crimes that involve narcotics violations pursuant to Title 21 of the United States Code and state narcotics laws pursuant to the Illinois Controlled Substances Act. As part of my duties as a DEA TFO, I have experience conducting criminal investigations involving narcotics and drug trafficking. I am familiar with various methods of smuggling and trafficking narcotics and other controlled

substances and the proceeds from the sale of such substances. I am also familiar with methods used to evade detection of both the controlled substances and the proceeds from their sale that are used by drug traffickers.

3. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations. More specifically, my training and experience includes the following:

    a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Illinois and throughout the United States;

    b. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking.

    c. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

    d. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

    e. I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

f. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

g. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

h. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

5. I am currently participating in an investigation of narctoics trafficking occurring in the Milwaukee, Wisconsin and Chicago, Illinois areas. I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable; and (b) information obtained from a cooperating citizen witness whose reliability is established herein.[1] This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846 have been committed, are being committed, and will be committed by subjects not yet identified in the Milwaukee, Wisconsin area. There is also probable cause to believe that the location of the subject vehicle

---

[1] Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

**PROBABLE CAUSE**

7. On October 20, 2024, a Texas Department of Public (DPS) Trooper was on routine patrol on Interstate 40 in Panhandle, Carson County, Texas. At approximately 2:38 p.m., the Trooper observed a maroon in color truck tractor towing a car hauler semi-trailer (TTST) with Illinois registration P1147502. The Trooper observed the TTST with an obstructed registration plate traveling eastbound on Interstate 40 at mile marker 96. The Trooper conducted a traffic stop on the TTST for the said violation. Operating a vehicle with an obstructed license plate is a violation of the Texas Transportation Code.

8. The driver of the TTST, hereinafter referred to as P.G., presented the Trooper with a commercial driver's license (CDL) out of Illinois. P.G. advised the Trooper that he/she is employed by Vehicle Transport Inc. out of Palatine, Illinois.

9. The Trooper has extensive training in criminal and drug trafficking interdiction including drug trafficking associated with commercial motor vehicles. One of the vehicles that was being transported by P.G. is identified the **Subject Vehicle**. The Trooper observed that the **Subject Vehicle** had an aftermarket compartment underneath the vehicle where the spare tire should have been located at. The Trooper identified this aftermarket compartment as a "trap." Due to the hidden compartment and the drug trafficking destination, the Trooper had reasonable suspicion to question P.G. about the circumstances regarding the **Subject Vehicle**.

10. With the Trooper's reasonable suspicion and training and experience, the Trooper requested to search the Jeep. P.G. gave the Trooper consent to search the **Subject Vehicle**. P.G. who had the keys for the **Subject Vehicle** and authorization to drive the **Subject Vehicle** on and

4

off the TTST, removed the **Subject Vehicle** from the TTST, and the Trooper conducted a vehicle search. During the search the Trooper located an aftermarket built-in compartment under the rear cargo area floorboard of the **Subject Vehicle**. This compartment was accessed and inside were located ten (10) plastic sealed brick shaped bundles. The suspected contraband was later fielded tested and tested positive for cocaine.

11. Upon the bundles being located, the Trooper contacted the DPS Criminal Investigations Division (CID). DPS CID Agents and Agents from the Drug Enforcement Administration (DEA) Amarillo Resident Office responded to the traffic stop to assist in the investigation. The responding Agents interviewed P.G. who agreed to cooperate with law-enforcement. Agents questioned P.G. about the way that Vehicle Transport Inc. received commercial auto transportation loads. P.G. stated that Vehicle Transport Inc. utilized the company "Central Dispatch." This company is an auto transportation marketplace that allows shippers and carriers to self-manage their own vehicle transportation. Furthermore, this company allows shippers to contact carriers with a completely digital process. Vehicle Transport Inc. receives these transport requests digitally and P.G. is then contacted by Vehicle Transport Inc. dispatch on where to travel and what is to be transported.

12. P.G. provided agents with the bill of lading issued for the **Subject Vehicle**. This is a legal document that is provided by a transportation company to a shipper, or a purchaser of goods or specific products being carried. This document typically shows type, quantity, origin and destination of the described product. P.G. advised he picked up the **Subject Vehicle** on October 18, 2024, from 1906 West Burbank Blvd, Burbank, California 91506. The **Subject Vehicle** had an origin destination of 6036 Tower Ave, Milwaukee, Wisconsin 53223. This location was identified as a residence in the Milwaukee area. Also listed in the document is the

person receiving the shipment to be Antonio JONES with phone number 414-870-6517. P.G. also mentioned he would be delivering the **Subject Vehicle** to a terminal located at 3601 W Algonquin Rd., Suite 80, Rolling Meadows, Illinois 60008. The **Subject Vehicle** will then be picked up by another TTST and transported to the drop off location located at 6036 Tower Ave., Milwaukee, Wisconsin 53223.

13. After speaking with P.G., Agents determined that P.G. did not have any knowledge or was involvement in the distribution of narcotics. DEA Amarillo Agents took custody of the contraband which was transported to the Amarillo Resident Office. Agents from DEA Amarillo contacted Agents/Officers out of the Chicago Field Division Office and the Milwaukee Resident Office. DEA Chicago and Milwaukee agreed to assist in the investigation by allowing P.G. to re-load the **Subject Vehicle** onto the TTST and have the transport continue for delivery as planned. DEA Chicago and Milwaukee would assist in controlling the delivery of the **Subject Vehicle** to develop possible suspects in a drug trafficking organization. The **Subject Vehicle** was re-loaded for transport onto the TTST and P.G. was released from the traffic stop.

14. On October 22, 2024, Agents from DEA Chicago were notified that the **Subject Vehicle** had arrived to the terminal located at 3601 W Algonquin Rd., Suite 80, Rolling Meadows, Illinois 60008. A Task Force Officer (TFO) from DEA Chicago Group 31 spoke to the owner of Vehicle Transport Inc. via telephone regarding the **Subject Vehicle** and agreed to meet on October 23, 2024.

15. On October 23, 2024, members of DEA Chicago met with E.M., owner of Vehicle Transport Inc. to discuss the delivery of the **Subject Vehicle** to the destination location. While **Subject Vehicle** is parked at 3601 W Algonquin Rd., Rolling Meadows, Illinois 60008, and with the consent of Vehicle Transport Inc, DEA Chicago agents plan to install a tracking

device and trigger, a device which will alert law enforcement when the non-factory compartment of the **Subject Vehicle** is opened in the Eastern District of Wisconsin. Case agents will then maintain surveillance of the vehicle from the delivery location to wherever the vehicle is transported to after delivery. Depending on the circumstances that follow, the subjects receiving the vehicle and subsequently opening the hidden canpartment will be apprehended and search warrants will be obtained as deemed appropriate.

16. Based on the aforementioned information, I believe that subjects not yet identified are using the **Subject Vehicle** in furtherance of drug trafficking in the Eastern District of Wisconsin.

## AUTHORIZATION REQUEST

17. In order to track the movement of the **Subject Vehicle** effectively and to decrease the chance of detection, I seek to place a tracking device and trigger in or on the **Subject Vehicle.** For the safest application, the tracking device and trigger will be applied while it is in the Northern District of Illinois, with the consent of Vehicle Transport Inc, which currently has lawful custody of the **Subject Vehicle.** Per the orders of Vehicle Transport Inc. the **Subject Vehicle** was removed from the original TTST and parked in a secured parking lot managed by Vehicle Transport Inc. located 3601 W Algonquin Rd., Suite 80, Rolling Meadows, Illinois 60008, for another available TTST to deliver the **Subject Vehicle** to the final destination located in the Eastern District of Wisconsin. Due to the unprecedent circumstances of the **Subject Vehicle** being off loaded at a secure parking lot in the possession of Vehicle Transport Inc. before reaching the final destined location in the Eastern District of Wisconsin, I believe that installing the tracking device and trigger in the Northern District of Illinois is the safest application. Applying the tracking device and trigger in the Northern District of Illinois would

7

allow for the safest and most effective opportunity for installation for both law-enforcement and cooporators. Furthermore, applying the tracking deivce and trigger in the Northern District of Illinois would allow for DEA Chicago Agents to ensure for proper installation of the components.

18. Prior to the **Subject Vehicle** departing the Vehicle Transport Inc. parking lot, DEA Chicago agents plan to install an electronic tracking device and trigger, to determine the location of the **Subject Vehicle**, upon entering the Eastern District of Wisconsin. DEA Chicago Agents will conduct mobile surveillance of the TTST transporting the **Subject Vehicle** from 3601 W Algonquin Rd., Suite 80, Rolling Meadows, Illinois 60008, into the Eastern District of Wisconsin. Due to technical limitations of the tracking device, the tracking device is unable to be remotely activated. The tracking device will be activated by Agents upon being applied to the **Subject Vehicle** but will not be monitored until the **Subject Vehicle** enters into the Eastern District of Wisconsin. In an effort to protect the investigation the transport driver who will pick up the **Subject Vehicle** on the morning of October 25, 2024 will not be aware of the ongoing drug investigation, so any unauthorized stops in Wisconsin to install the tracking device would compromise the criminal investigation. With DEA Chicago Agents maintaining a visual of the TTST hauling the Subject Vehicle, the tracking device will specifically assist in knowing the exact location of the **Subject Vehicle** when delivered to the final destination, in the Eastern District of Wisconsin, to wherever the vehicle is transported to after delivery

19. Since case agents do not know the exact location where the vehicle will stop in the Eastern District of Wisconsin, it may be necessary to enter onto private property and/or move the **Subject Vehicle** in order to effect the installation, repair, replacement, and removal of the tracking device. To ensure the safety of the executing officer(s) and to avoid premature

8

disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours.

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 authorizing the periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

21. It is further requested that in the event that the **Subject Vehicle** travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to 18 U.S.C. § 3117.

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the owner or user of the **Subject Vehicle** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).